# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 MAR 12 AM 11: 46

CLERK C. Adams
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

## DUBLIN DIVISION

JAVIER CALLEJA-ZARATE,       )
                             )
         Petitioner,         )
                             )
     v.                      )        CV 314-015
                             )
IMMIGRATION AND              )
CUSTOMS ENFORCEMENT,         )
                             )
         Respondent.[1]      )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate currently incarcerated at Johnson State Prison in Wrightsville, Georgia, brought the above-captioned petition in the Middle District of Georgia, ostensibly pursuant to 28 U.S.C. § 2254. (Doc. no. 1.) Petitioner also requested permission to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.) However, because Petitioner does not appear to be challenging his underlying state convictions, the court construed the petition as being filed pursuant to 28 U.S.C. § 2241 and transferred the action to this District, where Petitioner is incarcerated. (Doc. nos. 5, 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED** as **MOOT** (doc. no.

---

[1] Petitioner named the United States of America as Respondent in the petition. However, because his claim pertains to his deportation proceedings, the federal agency responsible for Petitioner's deportation, which appears to be the office of the United States Immigration and Customs Enforcement ("ICE"), should be the proper party respondent. Accordingly, the Clerk is **DIRECTED** to substitute ICE as the Respondent in this action.

2), and that this case be **DISMISSED** for lack of jurisdiction.[2]

## I. BACKGROUND

Petitioner states that on March 14, 2012, in the Superior Court of Gwinnett County, he pleaded guilty to and was convicted of "several aggravated felonies" related to drug trafficking and was sentenced to twenty years of incarceration and ten years of probation.[3] (Doc. no. 1, pp. 1, 8; doc. no. 1-1, p. 3.) Thus, Petitioner has approximately eighteen years remaining of his term of imprisonment. Petitioner further states that he is a citizen of Mexico and that an immigration hold has been placed on him, but his removal proceedings have not yet commenced. (Doc. no. 1-1, pp. 1-4.) Petitioner does not challenge the validity of his underlying criminal convictions or the immigration detainer. Rather, Petitioner seeks immediate deportation to Mexico, and he requests an order from the Court directing ICE to expedite his removal proceedings. (Doc. no. 1, pp. 12-13.)

## II. DISCUSSION

### A. The Court Lacks Jurisdiction Over Petitioner's Claim Under 8 U.S.C. §§ 1231 and 1252.

Petitioner asserts he is entitled to immediate, expedited deportation pursuant to 8 U.S.C. §§ 1182 & 1228, and that his incarceration is thus illegal. (Id. at 8-14.) However, neither of the statutes Petitioner cites applies to his circumstances. Although § 1228, along

---

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing ICE to respond to the instant petition. 28 U.S.C. § 2243.

[3] A review of the docket in the Superior Court of Gwinnett County, which may be accessed at http://www.gwinnettcourts.com/home.asp, reveals Petitioner was actually charged with one count of trafficking in cocaine and one count of criminal conspiracy, but only pled guilty to the criminal conspiracy charge.

with § 1229, governs expedited removal proceedings of aliens convicted of aggravated felonies, it clearly states that its provisions apply "following the end of the alien's incarceration for the underlying sentence." 8 U.S.C. § 1228(a)(1). The provisions of § 1182 also do not apply to Petitioner's situation, as they merely set forth conditions under which an alien seeking entry into the United States can be deemed inadmissible. See 8 U.S.C. § 1182. Thus, it is unclear what authority, if any, Petitioner is relying on in support of his assertion that he is entitled to a court order compelling expedited removal.

More importantly, the Court lacks jurisdiction over Petitioner's claim under 8 U.S.C. § 1252(g), which provides that, except as provided in that section, "no court shall have jurisdiction to hear any cause or claim made by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The section also states that no court shall have jurisdiction to review denials of discretionary relief, including actions of the Attorney General and decisions regarding the granting of relief under §§ 1182 and 1229. 8 U.S.C. § 1252(a)(2)(B). Courts have consistently held that § 1252(g), along with 8 U.S.C. § 1231(a)(4)(D) regarding deportation of aliens once an order of removal has been issued,[4] forecloses any private right of action to compel ICE to act on a detainer or the Attorney

---

[4] "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

General to execute removal.[5]  Thus, because Petitioner seeks to compel ICE to act on his detainer by commencing deportation proceedings before a removal order has been issued, the Court lacks jurisdiction under §§ 1231(a)(4)(D) and 1252(g).

**B.      The Court Also Does Not Have Jurisdiction Under § 2241 Because Petitioner Is Not in ICE's Custody.**

The only way the Court could have jurisdiction over this action would be under § 2241, if the petition properly challenged the length or conditions of Petitioner's confinement. If this were the case, Warden Brad Hooks of Johnson State Prison would be the proper § 2241 respondent. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . .").

However, as stated above, the only relief Petitioner seeks is a court order compelling ICE to expedite his deportation.  Because a writ of habeas corpus grants relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner.  See 28 U.S.C. § 2241(c); Orozco v. United States INS, 911

---

[5] See, e.g., Orozco, 911 F.2d at 541 (petitioner had no private right of action to require the Attorney General to begin deportation proceedings under § 1252); Cabrera v. Culpepper, No. 3:09-cv-483, 2009 WL 4048239, at *2-3 (N.D. Fla. Nov. 19, 2009) (jurisdiction over request for execution of deportation order barred by §§ 1231(a)(4)(D) & 1252(g)); Ceja v. Immigration and Customs Enforcement, No. 1:08-cv-01708, 2009 WL 910858, at *3 (E.D. Cal. Apr. 2, 2009) (under § 1252(g), court did not have power to compel ICE to act on detainer by conducting deportation hearing); Lynch v. United States, No. 07-cr-829, 2009 WL 2045382, at *1 (E.D.N.Y. July 8, 2009) (denying § 2241 petition requesting immediate deportation pursuant to § 1231(a)(4)); Espinal v. I.N.S., No. 4:07-cv-3370, 2008 WL 161920, at *1-2 (N.D. Ohio Jan. 15, 2008) (denying request for immediate immigration hearing and holding that alien had no constitutional or statutory right to expedited order of deportation); Thye v. United States, 109 F.3d 127 (2d Cir. 1997) (per curiam) (under § 1231(a)(4)(D), no private right of action to compel Attorney General to act).

F.2d 539, 541 (11th Cir. 1990) (*per curiam*) ("[A]bsent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ [of habeas corpus]." (citing Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). "It is well settled in the Eleventh Circuit that the placement of an ICE detainer, alone, does not cause a petitioner to come within ICE's custody for purposes of § 2241." Martell v. Sec., Dep't of Corr., No. 8:12-cv-604, 2012 WL 1016821, at *1 (M.D. Fla. Mar. 26, 2012) (citing Orozco, 911 F.2d at 541).

Here, ICE has issued a detainer against Petitioner but has not commenced removal proceedings. Therefore, Petitioner has not come within ICE's custody, but rather remains in Warden Hooks' custody. Orozco, 911 F.2d at 541 (petitioner not in custody of immigration agency where agency had "not yet commenced proceedings to determine deportability"). Thus, jurisdiction under § 2241 is lacking because the only relief sought cannot be provided by Warden Hooks. Orozco, 911 F.2d at 541.

**III.  CONCLUSION**

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED** as **MOOT** (doc. no. 2), and that this case be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 12th day of March, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

5